**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

JANET HILL,

        Plaintiff,

v.

MCGRAW-HILL GLOBAL EDUCATION, LLC, F/K/A
MCGRAW HILL EDUCATION LLC,

        Defendant.

Jury Demanded for all claims

Case No. 19 CV 07518

**COMPLAINT**

Now Comes the Plaintiff, Janet Hill, by and through her attorney, Mark Hansen of Graefe & Hansen, Ltd., and complaining of the Defendant, McGraw-Hill Global Education, LLC, f/k/a McGraw-Hill Education LLC (McGraw-Hill"), states as follows:

1. The causes of action for Plaintiff arise under Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e et seq., as amended, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq.

2. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, to enforce the provisions of Title VII U.S.C. §§ 2000e et seq., and the ADEA, 29 U.S.C. §§ 621 et seq.

3. Venue in the Northern District of Illinois is proper under 28 U.S.C. § 1391(b). The claim for relief arose in the area bounded by the Northern District of Illinois, Eastern Division, and McGraw-Hill is a foreign corporation doing business in Illinois in the area bounded by the Northern District of Illinois, Eastern Division.

4. Prior to filing this lawsuit, Plaintiff filed a timely charge with the Equal Employment Opportunity Commission.

1

5. The EEOC issued a Right-to-Sue letter, said Right-to-Sue letter is attached as Exhibit A.

6. Plaintiff filed this action within 90 days of the receipt of the Right-to Sue letter from the EEOC.

## PARTIES

7. Plaintiff began working for McGraw-Hill on October 19, 2009 in the role of Creative Director. For all relevant times, Plaintiff is a female, over 40 years of age, date of birth June 22, 1962.

8. McGraw-Hill is a foreign corporation, doing business in the State of Illinois. McGraw-Hill is in the business of developing educational products.

9. When first hired by McGraw-Hill, Plaintiff reported to Jill Ruter, the Vice-President of Design. Ms. Ruter had worked with and directed Plaintiff during the period she worked with Plaintiff at Pearson, which also is in the business of developing educational products.

10. Based upon Ms. Ruter's recognition of Plaintiff's exceptional experience, skills and abilities, she recruited Plaintiff to assume the role of Creative Director for McGraw-Hill, which Plaintiff did on October 19, 2009, thereby leaving her position with Pearson as Design Director.

11. As a result of a purported reorganization of McGraw-Hill, Ms. Ruter was terminated on March 31, 2015.

12. Thereafter, Plaintiff reported to Amanda House, VP Learning Experience Design & Product Design and Development, until November 3, 2016.

13. On November 3, 2016 and through the date of her termination, Plaintiff reported to Kelly Delaney, Executive Design Director. Plaintiff had known Ms. Delaney since the time Plaintiff, when in the role of Design Manager, hired and managed her at Pearson.

14. At the time Ms. Delaney assumed this role of Executive Design Director at McGraw-Hill and for all relevant times thereafter, she was under 40 years of age.

15. During the period Plaintiff reported to Ms. Ruter, she regularly received annual reviews rating

her work performance as meeting and exceeding expectations. Ms. Ruter's last review of Plaintiff in 2014 rated her overall performance as exceeding expectations.

16. Ms. Ruter was in her late fifties when she was terminated by McGraw-Hill. At the time Ms. House replaced Ms. Ruter and for all relevant times thereafter, Ms. House was under 40 years of age.

17. When Plaintiff first reported to Ms. House, her responsibilities as Creative Director involved the design and development of McGraw-Hill's print and digital educational products for grades Kindergarten through Fifth grade (K-5), as well as the areas of Intervention, Custom, Advanced Placement and Adult Education programs. At that time. the K-5 products over which Plaintiff was responsible addressed the subjects of Social Studies, Math and Science.

18. Later in 2016, after the retirement of the Creative Director, Paula Darmofal, who was located in the New York office, Ms. House assigned Plaintiff the K-5 products for the Reading program that Ms. Darmofal had managed.

19. In being assigned the K-5 products that had been performed by Ms. Darmofal, Plaintiff's job responsibilities consisted of those performed previously by two Creative Directors. During the remaining period of Plaintiff's employment with McGraw-Hill, Ms. Darmofal's position was not filled, and Plaintiff continued to manage the K-5 products for the Reading program that Ms. Darmofal had managed.

20. In addition to the roles aforesaid, Plaintiff was responsible for the Tier 1 Marketing work for the products she managed, as well as the Branding for McGraw-Hill's Social Studies and Math programs for Kindergarten through the twelfth grade.

21. Despite receiving an overall "Meets Expectations" on her 2016 Performance Review, Ms. House and Ms. Delaney presented Plaintiff with a 45-Day Development Plan in February 2017.

22. Prior to receiving said Plan, Plaintiff had not ever been told that her performance was at issue.

23. Thereafter, Plaintiff was placed on a Performance Improvement Plan in August 2017, and then received a Written Warning in October 2017.

24. Plaintiff was terminated on November 17, 2017, purportedly for her performance.

25. McGraw-Hill had established a procedure by which an employee would be placed on notice of performance deficiencies, which if not resolved, could result in termination.

26. McGraw-Hill, through the actions of Ms. House and Ms. Delaney, used this procedure as a pretext to disguise the true unlawful reasons for terminating Plaintiff's employment.

27. Despite Ms. House and Ms. Delaney's assertions that Plaintiff was not meeting performance expectations, throughout the relevant period, Plaintiff had met all project deadlines, on budget and on schedule.

28. Despite Ms. House and Ms. Delaney's assertions that Plaintiff was not meeting performance expectations, neither the 45-Day Development Plan, Performance Improvement Plan, Written Warning, nor Termination letter identify any objective factor or criteria that Plaintiff was failing to achieve.

29. The 45-Day Development Plan, Performance Improvement Plan, Written Warning, and Termination letter rely upon pure subjective evaluations of Ms. House/Ms. Delaney, rest upon false narratives, and employ petty examples of faulty skills that are not grounded in fact.

30. Sometime after the Performance Improvement Plan was issued, Plaintiff reached out to the Human Resources Department for assistance. In doing so, Plaintiff reported that despite what Ms. House and Ms. Delaney told Plaintiff about assisting her in understanding and working through the issues they claimed she had, it had become apparent by Ms. House's reactions to anything Plaintiff would say or do that Ms. House had already concluded that Plaintiff had no

future with McGraw-Hill.

31. Plaintiff informed Human Resources that Ms. House and Ms. Delaney told her in no uncertain terms that there was no way she would meet Ms. House's expectations.

32. Though a Human Resources Representative thereafter attended the meetings Plaintiff had with Ms. House/Ms. Delaney, the Human Resources Representative took no active part in the discussions.

33. On information and belief, Plaintiff learned that the Human Resources Representative, in reviewing the decision to terminate Plaintiff, never bothered to review Plaintiff's employment history with the McGraw-Hill, including the stellar reviews Plaintiff received throughout her employment prior to Ms. House's hire.

34. Following her termination, Plaintiff learned that a male employee, under the age of forty, who Plaintiff had previously managed while she was Creative Director for McGraw-Hill, was promoted to Creative Director, and on information and belief, assumed some if not all of the responsibilities and duties previously performed by Plaintiff.

## COUNT I – AGE DISCRIMINATION

35. Plaintiff brings this action under the Age Discrimination and Employment Act.

36. Plaintiff's performance met or exceeded her employer's legitimate expectations throughout her employment.

37. Despite having performed her employment so as to meet if not exceed her employer's reasonable legitimate expectations, Plaintiff was terminated.

38. Plaintiff was replaced by an employee who was substantially younger than her.

39. Plaintiff was replaced by a substantially younger employee with less qualifications, skills, abilities, and knowledge than her.

40. The reason given for Plaintiff's discharge was false and a pretext for discrimination on the basis of her age.

41. On information and belief, Ms. House had used McGraw-Hill's procedure, i.e., use of 45-Day Development Plans, Performance Improvement Plans, and Written Warnings, to terminate or force other older employees to leave McGraw-Hill's employ; Ms. House employed such means as a pretext to rid older employees from her department.

42. McGraw-Hill knowingly, intentionally, and willfully discriminated against the Plaintiff on the basis of her age.

43. As a direct and proximate result of said unlawful employment practices and disregard for Plaintiff's rights and sensibilities, she has lost substantial income, including, but not limited to, wages and other employment benefits.

44. As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered the indignity of discrimination, and the invasion of her right to be free from discrimination.

## COUNT II – SEX DISCRIMINATION

45. Plaintiff incorporates the preceding paragraphs 1 through 44 as paragraph 45 of this Count II.

46. Plaintiff brings this Count II against McGraw-Hill under Title VII.

47. Plaintiff's performance met or exceeded her employer's legitimate expectations throughout her employment.

48. Despite having performed her employment so as to meet if not exceed her employer's reasonable legitimate expectations, Plaintiff was terminated.

49. Plaintiff was replaced by a male individual.

50. Plaintiff was replaced by a male employee with less qualifications, skills, abilities, and

knowledge than her.

51. The reason given for Plaintiff's discharge was false and a pretext for discrimination on the basis of her sex.

52. McGraw-Hill knowingly, intentionally, and willfully discriminated against the Plaintiff on the basis of her sex.

53. As a direct and proximate result of said unlawful employment practices and disregard for Plaintiff's rights and sensibilities, she has lost substantial income, including, but not limited to, wages and other employment benefits.

54. As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered the indignity of discrimination, and the invasion of her right to be free from discrimination.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

    a. Enter judgment and order a permanent injunction prohibiting Defendant from further acts of sex/age discrimination.

    b. Award Plaintiff reinstatement, lost wages, including back pay, front pay and lost benefits.

    c. Award prejudgment interest.

    d. Award Plaintiff costs of litigation, including reasonable attorneys' fees and expert fees and expenses.

    e. Award Plaintiff compensatory damages as permitted under federal law.

    f. Award Plaintiff punitive damages as permitted under law.

    g. Grant such other and further relief as this Court deems just and proper.

                                                    Respectfully submitted,

Mark Hansen
Graefe & Hansen, Ltd.
20 North Clark Street                    s/Mark Hansen
Suite 3100                              Attorney for Plaintiff, Janet Hill
Chicago, Illinois 60602
(312) 236-0177